Gertrude **ARMSTEAD**, Plaintiff-
Appellant,

v.

Jose **ESCOBEDO** et al., Defendants-
Appellees.

No. 73–3150

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 14, 1974.

———◆———

Douglas R. Larson, Dallas, Tex., for plaintiff-appellant.

T. Alex Eastus, Asst. City Atty., Thomas B. Thorpe, N. Alex Bickley, Joseph G. Werner, Dallas, Tex., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

PER CURIAM:

Appellant brought this federal civil rights action pursuant to 42 U.S.C.A. §§ 1983 and 1988 and, asserting pendent jurisdiction,[1] a claim for false arrest and imprisonment based on Texas law against Jose Escobedo, a bus driver for the Dallas Transit Authority (a government unit), the City of Dallas, Frank Dyson, the Chief of Police of Dallas, and R. F. Stonecipher and M. E. Jones, two Dallas police officers. After a trial without a jury the District Court found that none of the defendants were liable. Appellant appeals only from the denial of relief against bus driver Escobedo. based on Texas law as no distinctive contentions are asserted under § 1983. We affirm.

On May 2, 1971, Escobedo had a dispute with a female passenger over the payment of the fare. Upon exiting the bus, the passenger apparently threatened Escobedo with a knife, threw a brick through the bus window, and fled. One week later Escobedo picked up appellant at approximately the same time and the same stop where he had picked up the passenger who had assaulted him the week before. Convinced that appellant was the same person, Escobedo questioned her concerning the incident. He then called his dispatcher and reported that the woman who had assaulted him and broken the window was on the bus.

Within two blocks after appellant had boarded the bus, Escobedo flagged down two police officers and told them that he was certain that appellant had previously thrown a brick through his bus window and had threatened him with a knife. Appellant was arrested as she attempted to exit the bus.

Appellant and the only other passenger on the bus testified that prior to the arrival of the police, appellant had tried to get off of the bus but Escobedo would not allow her to. Appellant also testified that Escobedo displayed a gun when she tried to exit the bus. Escobedo denied both of these contentions. Appellant was indicted for unlawful, willful and malicious injury to private property of value in excess of $50.00, but the indictment was dismissed after appellant passed a lie detector examination.[2]

■ Under the law of Texas, "False imprisonment is, in general, the direct restraint by one person of the physical liberty of another, without adequate legal justification." Browning v. Pay-Less Self Service Shoes, Inc., Tex.Civ. App., 1963, 373 S.W.2d 71, 74.

■■ The District Court found as a fact that "Escobedo did not physically or verbally attempt to detain or threaten [appellant] until the arrival of the police." This finding, based as it must be, on the resolution of the conflict between the testimony of Escobedo and the testimony of appellant and the other passenger is not clearly erroneous and proves fatal to Appellant's basic claim that Escobedo falsely imprisoned her.

■ Although the state dismissed the case apparently for misidentification, the driver's good faith mistaken identification does not cast him in personal liability where the Court impliedly found that it was solely the police officers who decided to make the arrest.[3]

---

1. See Whirl v. Kern, 5 Cir., 1969, 407 F.2d 781, cert. denied, 396 U.S. 901, 90 S.Ct. 210, 24 L.Ed.2d 177 (pendent jurisdiction properly exercised over a § 1983 and Texas false imprisonment claim arising out of the same occurrence).

2. No contention is made that the dismissal of the criminal prosecution, on the motion of the state and in which Escobedo had no part, gave rise to a claim for malicious prosecution or abuse of process.

3. Escobedo, Appellant, the other passenger and both police officers all testified that Escobedo informed the police officers that appellant was the woman who broke the window and three of the witnesses, including appellant, testified that appellant informed the police that appellant was the woman who had threatened Escobedo with a knife. There was no testimony that Escobedo directed or even asked the police to arrest appellant and both Escobedo and one of the police officers testified that Escobedo left the matter of whether to arrest up to the discretion of the police.

██ ██ Under Texas law a private citizen does not incur liability simply because he mistakenly informs the police that the suspect has committed a crime whenever the suspect is not thereafter successfully prosecuted. Meyer v. Monnig Dry Goods Co., Tex.Civ.App., 1916, 189 S.W. 80; Schnaufer v. Price, Tex. Civ.App., 1939, 124 S.W.2d 940; Hamilton v. California Company, Tex.Civ. App., 1937, 103 S.W.2d 200. Rather, the citizen must actually *direct* the police to make the arrest. See J. C. Penney Company v. Reynolds, Tex.Civ.App., 1959, 329 S.W.2d 104; Joske v. Irvine, Tex., 1898, 44 S.W. 1059. Since the record does not compel a finding that Escobedo *directed* the police to arrest appellant, the trial Judge's implied finding to the contrary has sufficient support.

Affirmed.