United States Court of Appeals,

Fifth Circuit.

No. 93-5103.

Charles Lee HALBERT, Plaintiff-Appellant,

v.

CITY OF SHERMAN, TEXAS, et al., Defendants.

BPS, Guard Services, Inc., d/b/a Burns International Security Services, et al., Defendants-Appellees.

Sept. 30, 1994.

Appeal from the United States District Court for the Eastern District of Texas.

Before KING, JOLLY and STEWART, Circuit Judges.

STEWART, Circuit Judge:

Charles L. Halbert appeals two district court judgments which dismissed his claims against BPS Guard Services, Inc. ("BPS") and a BPS security guard and which denied him leave to amend his original complaint to add two new claims. For the following reasons, we affirm the judgments of the district court.

I. BACKGROUND

On October 1, 1991, Charles Lee Halbert drove his semitrailer to a facility owned by Johnson & Johnson Medical, Inc. ("JJMI") in Sherman, Texas. He went there to pick up a loaded trailer. Roger Wade, who was employed by BPS Guard Services, Inc. ("BPS"), was working as a security guard at the facility. Upon Halbert's arrival, Wade contends that Halbert smelled of marijuana and could not spell his own name. Wade called the Sherman Police Department and informed them that Halbert was "higher than a kite." The

1

police asked Wade to restrain Halbert. Although he agreed to try to restrain Halbert, in actuality, he made no such attempt.

Two police officers eventually arrived at the scene and gave Halbert three field sobriety tests. After concluding that Halbert had failed the tests, the police arrested him. He was released from police custody after only a few hours. Halbert immediately went to a local hospital and submitted to a set of comprehensive drug and alcohol tests. The tests did not reveal the presence of any alcohol or illicit drugs in his system.

On December 11, 1991, Halbert filed suit against Wade, JJMI, BPS, the City of Sherman, and the two police officers who arrested him. He asserted claims of false imprisonment, false arrest, and intentional and negligent infliction of emotional distress against BPS, Wade, and JJMI. He asserted the same state law claims and a § 1983 claim against the police officers and the City of Sherman. The City of Sherman was eventually dismissed from the case.

On February 6, 1992, Halbert attempted to amend his complaint to add libel and slander claims against Wade and BPS. This motion was denied without reasons. On January 13, 1992, JJMI filed a motion for judgment, on the pleadings, which was later converted to a motion for summary judgment. This motion was eventually granted.

On July 29, 1992, BPS and Wade filed a motion for summary judgment which was granted. The trial court found that Halbert had "failed to establish a fact issue whether Wade detained or directed the arrest of Halbert or whether Wade knowingly provided false information to the police."

On January 18, 1993, trial was held and the jury returned a verdict in favor of Halbert against one of the two police officers. Halbert has appealed the judgment dismissing his claim of false arrest and intentional infliction of emotional distress against Wade and BPS. He also appeals the denial of his motion for leave to amend his complaint.

## II. REVIEW OF THE SUMMARY JUDGMENT MOTIONS

A. *Standard of Review*

This Court reviews a grant of summary judgment *de novo.* *Abbott v. Equity Group, Inc.,* 2 F.3d 613, 618 (5th Cir.1993), *cert. denied,* --- U.S. ----, 114 S.Ct. 1219, 127 L.Ed.2d 565 (1994). Summary judgment is proper if the moving party establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party opposing a motion for summary judgment must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). On appeal from summary judgment, this Court examines the evidence in the light most favorable to the non-moving party. *Salas v. Carpenter,* 980 F.2d 299, 304 (5th Cir.1992).

B. *False Imprisonment Claim*

Halbert contends that the district court erred in granting BPS's motion for summary judgment on the false imprisonment claim. "Under Texas law, a private citizen does not incur liability simply because he mistakenly informs the police that the suspect has

committed a crime whenever the suspect is not thereafter successfully prosecuted." *Armstead v. Escobedo,* 488 F.2d 509, 511 (5th Cir.1974). "Rather, the citizen must actually direct the police to make the arrest." *Id.*

In *Armstead v. Escobedo,* a bus driver had a dispute with a female passenger over the fare. As she left the bus, she allegedly threatened the bus driver with a knife and threw a brick through the bus window. One week later, the same bus driver picked up a female passenger whom he believed to be his assailant. After questioning the passenger, he flagged down two passing police officers and told them that the female passenger was his assailant. The police officers decided to arrest the woman. She was later released after passing a lie detector test. She then sued the bus driver for false arrest. This Court held that the bus driver could not be held liable for false arrest because he had not directed the police to arrest the woman. 488 F.2d at 511.

In this case, Halbert produced no summary judgment evidence that Wade directed his arrest. Wade did inform the police that Halbert was intoxicated and he informed them of Halbert's location once they arrived; however, the police officers did not rely on this information in determining whether to arrest Halbert. They conducted their own sobriety tests and then decided to arrest him. Consequently, as the bus driver's conduct in *Armstead* did not give rise to liability for false arrest, Wade's conduct does not give rise to liability for false arrest. Thus, the district court correctly dismissed the false arrest claims.

4

Halbert relies heavily upon *Leon's Shoe Stores v. Hornsby,* 306 S.W.2d 402 (Tex.Civ.Ct.App.1957), for support of his contention that Wade's actions warrant a finding of false arrest. In *Leon's Shoe Stores,* the credit manager of a shoe store called the police to report that a customer was trying to cash a forged check. The credit manager had known the customer for several years and knew that the check was actually hers. The police arrested the customer. The court held that the store was liable for false imprisonment because the store credit manager knew that the customer had not forged the checks. *Id.* at 410.

This case is distinguishable. In *Leon's Shoe Store,* the store manager's false statement had directed the police to arrest the customer; in this case, it was the police officer's evaluation of Halbert's field sobriety tests that was responsible for his arrest. Thus, we find Halbert's argument unpersuasive.

C. *Intentional Infliction of Emotional Distress Claim*

Halbert contends that the district court erred in dismissing his claim for intentional infliction of emotional distress. Under Texas law, the elements of this tort are: (1) the defendant acted intentionally or recklessly; (2) the conduct was "extreme and outrageous"; (3) the defendant's actions caused the plaintiff's emotional distress; and (4) the plaintiff's emotional distress was severe. *Gillum v. City of Kerrville,* 3 F.3d 117, 122 (5th Cir.1993), *cert. denied,* --- U.S. ----, 114 S.Ct. 881, 127 L.Ed.2d 76 (1994). In order for conduct to be extreme and outrageous, it must be "beyond the bounds of decency," "atrocious," and "utterly

5

intolerable in a civilized community." *Diamond Shamrock Refining & Marketing Co. v. Mendez,* 844 S.W.2d 198 (Tex.1992).

We find that merely calling the police and informing them that someone is intoxicated or using drugs is not sufficiently outrageous conduct to warrant the recovery of damages for the intentional infliction of emotional distress even if those statements are false. In *Diamond Shamrock Refining & Marketing Co.,* the defendant had been sued for intentional infliction of emotional distress for falsely publicizing that the plaintiff had been fired for stealing company property. The Supreme Court of Texas—in an opinion that was divided on every issue except this one—held that there was no evidence that the employer's conduct met this standard of outrageous conduct. *Id.* at 202. The conduct of Wade, in the instant case, is comparable to the actions of the employer in *Diamond Shamrock.* Similarly, in this case, Wade's conduct does not support a recovery for intentional infliction of emotional distress.

### III. DENIAL OF LEAVE TO AMEND

A. *Standard of Review*

This Court reviews a district court's denial of leave to amend a complaint for abuse of discretion. *Avatar Exploration Inc. v. Chevron USA, Inc.,* 933 F.2d 314, 320 (5th Cir.1991). The Federal Rules of Civil Procedure provide that, after an answer has been filed, "a party may amend the party's pleading only by leave of court" and that "leave to amend shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Amendments should be

6

liberally allowed. *Duff-Smith v. Collins,* 973 F.2d 1175, 1180 (5th Cir.1992), *cert denied,* --- U.S. ----, 113 S.Ct. 1958, 123 L.Ed.2d 661 (1992). However, leave to amend is by no means automatic. *Avatar Exploration Inc.,* 933 F.2d at 320. Instead, the decision to grant or deny leave is one left to the sound discretion of the district court. *Id.*

B. *Analysis*

Halbert filed his motion to amend his pleadings on February 6, 1992, to add claims of libel and slander. It was filed well within the June 15, 1992 scheduling order deadline for the amendment of pleadings. Thus, on its face, the motion was timely and evidenced no prejudice to the other parties or potential to delay the proceeding. The district court did not provide any explanation for denying Halbert's motion to amend his complaint. The Supreme Court has held that the refusal to grant leave to amend "without any justifying reasons is not an exercise of discretion; it is merely abuse of that discretion." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Therefore, in the absence of any "justifying reasons", it was error for the district court to deny the facially valid motion to amend.

Normally, we would remand this case to the district court to give the plaintiff the opportunity to amend his pleading particularly in those cases where the new claims warrant development of facts to uncover the merits of the claims or where the claims allege facts which are disputed. *See Conti v. Sanko Steamship Co.,* 912 F.2d 816, 818-819 (5th Cir.1990); *Sorosky v.*

*Burroughs Corp.,* 826 F.2d 794, 805 (9th Cir.1987). However, in this case, the record has been developed extensively and all other claims have been dismissed or decided at trial. Under these circumstances, we think that a remand to the district court simply to consider the merits of these two claims would be a waste of judicial resources because both Halbert's libel and slander claims fail as a matter of law. *Brown v. Texas A & M University,* 804 F.2d 327, 334 (5th Cir.1986) (holding that a remand on a claim that could not be supported by the record would be a waste of judicial resources).[1]

Halbert's libel and slander claims are based on the phone call Wade made to the police and on a report about the incident that Wade filed with his supervisor. Texas law defines libel as "a written or printed defamation which tends to injure the reputation of a living person and thus expose him to public hatred, contempt, ridicule, or financial injury, or impeach his honesty, integrity, virtue or reputation." *Sellards v. Express-News Corp.,* 702 S.W.2d 677, 679 (Tex.Ct.App.1985). Slander is a defamatory statement orally communicated or published to a third person without legal excuse. *Kelly v. Diocese of Corpus Christi,* 832 S.W.2d 88, 91 (Tex.Ct.App.1992).

---

[1]In *Brown,* we held that if we search "every nook and cranny of the record, like a hungry beggar searching a pantry for the last morsel of food and have determined that "even the most sympathetic reading of plaintiffs' pleadings uncovers no theory and no facts that would subject the present defendants to liability' " then remand is unnecessary. *Brown v. Texas A & M University,* 804 F.2d 327, 334 (5th Cir.1986) (quoting *Jacques v. Procunier,* 801 F.2d 789, 791 (5th Cir.1986)).

A qualified privilege protects statements made in good faith on a subject matter in which the author has an interest or with reference to which he has a duty to perform to another person having a corresponding interest or duty. *Houston v. Grocers Supply Co.* 625 S.W.2d 798, 800 (Tex.Ct.App.1981). In order to overcome the defense of privilege and impose liability for libel and slander, Halbert must prove that Wade acted with malice. *Id.* at 801. The falsity of a statement is insufficient to prove malice. *Stearns v. McManis,* 543 S.W.2d 659, 664 (Tex.Civ.Ct.App.1976).

Under Texas law, both of the statements made by Wade would be covered by a privilege. *See Mayfield v. Gleichert,* 484 S.W.2d 619 (Tex.Civ.Ct.App.1972) (holding that a published hospital report was privileged because the reports were asked to be made and read only by the requesting party); *Zarate v. Cortinas,* 553 S.W.2d 652 (Tex.Civ.Ct.App.1977) (holding that communications to the police are conditionally privileged). In order to overcome the defense of privilege and impose liability for libel and slander, Halbert must thus prove that Wade acted with malice. *See Houston,* 625 S.W.2d at 801.

After scouring the record, we have found no hint of evidence that attests to Wade's motives. Moreover, Halbert has not alleged any motive for an intentional false report by Wade to the police officers. At best, Halbert's own testimony and the medical evidence would prove that Wade's statements were false. However, proof of the falsity of a statement alone is insufficient to prove malice. *See Stearns,* 543 S.W.2d at 664. Thus, as a matter of law,

9

Wade would not be able to prevail on the libel and slander claims even if his amendment were now allowed.

## IV. CONCLUSION

Because insufficient evidence existed to support the contention that Wade's conduct is actionable, the summary judgment dismissing the false arrest claim and intentional infliction of emotional distress claim is affirmed. The district court erred in not furnishing any reason for its denial of leave for Halbert to amend his complaint by adding two new claims. However, Halbert could not prevail on these claims as a matter of law. We thus choose not to remand this case for any further proceedings because it would be a waste of judicial resources and the resources of the parties.

The judgment of the district court is affirmed.

AFFIRMED.