**Sonja D. POORE, Plaintiff,**

v.

**E.I. DU PONT DE NEMOURS AND COMPANY, Defendant.**

**Nos. 1:94–CV–094, 94CV610.**

United States District Court, E.D. Texas, Beaumont Division.

April 10, 1995.

Erin Kathleen Townsley, Townsley Hanks
& Townsley, Beaumont, TX, for plaintiff.

Matthew L. Hoeg, Mayer Day Caldwell &
Keeton, Houston, TX, for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

Before this court is E.I. Du Pont De Nemours and Company's (Du Pont) Motion for Judgment as a Matter of Law pursuant to Rule 50(a)(1) of the Fed.R.Civ.P. against plaintiff, Sonja D. Poore (Poore). Poore brought this claim alleging that she was unlawfully denied a lateral transfer in retaliation for previous complaints of discrimination and for intentional infliction of emotional distress. After viewing all the evidence presented in the light most favorable to the plaintiff, and for the reasons stated below, this court finds that there is no legally sufficient evidentiary basis for a reasonable jury to find for the plaintiff on either of these issues. *Turner v. Purina Mills, Inc.*, 989 F.2d 1419 (5th Cir.1993).

### A. Retaliation under Title VII

In order to prevail on a claim of retaliation under Title VII, a plaintiff must meet the following three part test:

(1) plaintiff must prove that she engaged in activity protected by Title VII;

(2) plaintiff must show that an adverse employment action occurred; and

(3) plaintiff has the burden to demonstrate that a causal connection existed between her participation in the protected activity (complaints of harassment or discrimination) and the adverse employment action allegedly taken against her. 42 U.S.C. section 2000e–3(a); *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1151 (5th Cir.1994); *Nowlin v. Resolution Trust Corp.*, 33 F.3d 498, 507 (5th Cir.1994).

■ This court finds that a judgment as a matter of law is proper for two reasons. First, plaintiff proffered insufficient evidence as a matter of law of a causal connection between any of Poore's complaints to management of harassment or discrimination and DuPont's decision to select Richard Boylard for the NEXUS Training Specialist position. Second, Poore failed to present any evidence that hiring Richard Boylard was a pretext for retaliation.

Boylard was qualified, immediately available for the position and there existed no need for "backfill" due to his selection. Furthermore, ample testimony was given by plaintiff to support DuPont's contention that Poore did not "get along well with others" at DuPont. Plaintiff presented no evidence of a causal connection between Poore's allegations of discrimination against her and the selection of Boylard for the NEXUS position. She has suffered no loss in pay, and chose, on her own accord, to self demote to an operator position to protect herself from the possibility of the Hypalon Unit's closure. From the evidence presented this court finds that DuPont demonstrated patience and care in its handling of Ms. Poore's somewhat narcissistic and paranoid personality, which was revealed by plaintiff's witness, Dr. Gripon.

Even if plaintiff could have shown evidence of a causal connection sufficient to bypass a directed verdict, this court finds that DuPont met its burden of demonstrating a legitimate non-retaliatory reason for not selecting Poore as the NEXUS specialist. In *St. Mary's Honor Center v. Hicks*, —— U.S. ——, ——, 113 S.Ct. 2742, 2748, 125 L.Ed.2d 407 (1993), the Supreme Court shifted the burden of proof to the plaintiff to show that the reasons given by a company for dismissal or failure to promote were a pretext for retaliation. *Id.* This court finds that no reasonable jury could find that the reasons given by DuPont were a mere pretext for retaliation.

(1) Poore testified herself that she would have to be replaced to accept the Nexus training position—Boylard would not.

(2) Boylard was trained by Poore to do Nexus work; no evidence was presented to show that Poore was more qualified or that Boylard could not perform the job as well as Poore.

(3) Placing Poore in this position would have required restructuring the Nexus job to afford her the opportunity to work two jobs.

(4) Poore admitted that she has interaction problems with other employees at DuPont and that these problems were partly her fault.

No evidence presented raised a question of whether the hiring of Boylard was a pretext; or that a causal connection existed between Poore's complaints and her failure to get the Nexus Training Specialist job.

## B. Intentional Infliction of Emotional Distress

■ To prevail on a claim for intentional infliction of emotional distress ("IIED") under Texas law, the plaintiff must prove:

(1) that the defendant acted intentionally and recklessly;

(2) that the defendant's conduct was extreme and outrageous;

(3) that the actions of the defendant caused the plaintiff emotional distress; and

(4) that the emotional distress suffered was severe.

*Diamond Shamrock Refining & Marketing Co. v. Mendez*, 844 S.W.2d 198 (Tex.1992); *See also Baker v. Farmers Elec. Co-op, Inc.*, 34 F.3d 274, 280 (5th Cir.1994) (citations omitted).

■ Extreme and outrageous conduct is difficult to define. The conduct must be: "so outrageous in character, and so extreme in

degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." This tort has never been officially recognized by the Texas Supreme Court. *Diamond Shamrock,* 844 S.W.2d at 201. Nevertheless, the standard for prevailing on this tort is lofty and must include conduct that is "utterly intolerable in a civilized community." *Diamond Shamrock,* 844 S.W.2d at 202; *Johnson v. Merrell Dow Pharm., Inc.,* 965 F.2d 31, 33 (5th Cir.1992) (citing *Dean v. Ford Motor Credit Co.,* 885 F.2d 300, 306 (5th Cir.1989)).[1]

Poore failed to present evidence that a reasonable jury could find "so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Poore's presentation of facts, at best, rose to the level of employment disputes. No evidence of discrimination occurred within the applicable two year period. Evidence merely showed subpar peer interaction. The evidence presented simply showed that Poore did not "get along" with other supervisors at the plant. These interactions do not rise to a level of extreme and outrageous as a matter of law. In the employment context, a claim for IIED will not be supported by the broad range of conduct labeled as "mere employment disputes." *MacArthur v. Univ. of Tex. Health Ctr. Tyler,* 45 F.3d 890, 898 (5th Cir.1995).

The Fifth Circuit decision in *Dean v. Ford Motor Co.,* 885 F.2d 300 (5th Cir.1989) is instructive as to the level of conduct required to reach extreme and outrageous. This case falls far short of the factual scenario described in *Dean.* Additionally, in *Diamond Shamrock v. Mendez,* the Texas Supreme Court found that falsely publishing that a plaintiff had been fired for stealing company property did not rise to the level of severity necessary to reach outrageous conduct. *Diamond Shamrock,* 844 S.W.2d at 202; *and see Hirras v. National R.R. Passenger Corp.,* 44 F.3d 278, 284 (5th Cir.1995); *Halbert v. City of Sherman, Texas,* 33 F.3d 526, 529 (5th Cir.1994). This case presents far less egregious acts.

Additionally, plaintiff failed to proffer evidence of *severe* emotional distress. Even plaintiff's expert, Dr. Gripon, did not diagnose severe emotional distress. Simply being frustrated, upset and crying is not enough.

For these reasons, this court finds that a judgment as a matter of law is proper.

---

1. Poore's IIED claims were limited to acts that occurred within the applicable two year statute of limitations. Tex.Civ.Prac. & Rem.Code Section 16.003(a) (Vernon 1986).