# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

---

No. 99-41450

---

ROBERT AUSTIN GAUTNEY, JR.,

*Plaintiff-Appellant,*

versus

E.J. JOE KING; MILDRED ERIKSON, Medical Nurse; RICHARD DIX, Captain;
DALE FLETCHER, Sergeant; BRAZORIA COUNTY COMMISSIONERS
COURT; B. YOUNGBLOOD, Nurse; RANGA KATTEGUMMULA, M.D.; O.C.
OANDASAN, M.D.,

*Defendants-Appellees.*

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-98-CV-471

---

March 16, 2001

Before:    FARRIS[*], JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[**]

Robert Austin Gautney Jr., a Texas state prisoner, appeals pro se the district

---

[*]    Circuit Judge of the Ninth Circuit, sitting by designation.

[**]    Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

court's 28 U.S.C. § 1915(e)(2) dismissal without leave to amend of his 42 U.S.C. § 1983 action alleging that prison officials were deliberately indifferent to his serious medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

We review the district court's dismissal for abuse of discretion. *See Hamilton v. D. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

Contrary to Gautney's contention, the district court properly construed his complaint. *See Richardson v. Fleming*, 651 F.2d 366, 368 (5th Cir. 1981).

Although the district court erroneously applied the Eighth Amendment to Gautney's deliberate indifference claim, the error is harmless because the same standards are used to analyze claims under either the Eighth or the Fourteenth Amendment. *See Hare v. City of Corinth, Miss.*, 135 F.3d 320, 324 (5th Cir. 1998) (en banc).

Deliberate indifference is an extremely high standard to meet. *See Domino v. Texas Dep't of Criminal Justice*, No. 99-41486, 2001 WL 55589, at *4 (5th Cir. Feb. 7, 2001). Because Gautney presented no evidence that defendants' acted with deliberate indifference to his serious medical needs, the district court did not abuse its discretion by dismissing his action with prejudice. *See id*; *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000) (plaintiff must show not only that defendants'

2

actions were objectively unreasonable, but also that defendants intended the consequence of those actions).

Because Gautney presented no evidence of a policy or custom with objective deliberate indifference to his constitutional rights, the district court did not abuse its discretion by dismissing his claims against defendants King and Brazoria County. *See Olabisiomotosho v. Houston*, 185 F.3d 521, 526 (5th Cir. 1999).

The district court had already granted Gautney's motion for leave to file a second amended complaint in part, allowing him to introduce medical records to clarify his claims. It did not abuse its discretion by dismissing his complaint without again granting Gautney leave to amend. *See Halbert v. City of Sherman, Texas*, 33 F.3d 526, 529 (5th Cir. 1994).

Gautney waives all claims not raised on appeal in his opening brief. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

**AFFIRMED.**