IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11334
Summary Calendar
_____

DONALD TODD,

Plaintiff-Appellant,

versus

KATHLEEN HAWK, Etc; ET AL.,

Defendants,

GEORGE E KILLINGER, Warden Federal Correctional Institution
Fort Worth; HECTOR SOLIS, Unite Manager of Fort Worth Unit,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:98-CV-556-Y
--------------------
June 12, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Donald Todd, federal prisoner # 90940-012, filed a pro se
civil rights complaint pursuant to <u>Bivens v. Six Unknown Named
Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971),
alleging exposure to environmental tobacco smoke ("ETS") and
asbestos at Federal Medical Center-Fort Worth.  Todd's claims
against Hawk and the other defendants were dismissed pursuant to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), leaving only his claims against Killinger and Solis ("appellees").  Appellees filed a motion to dismiss, or in the alternative for summary judgment; the district court dismissed any claims against appellees in their official capacities and granted summary judgment on claims made against them in their individual capacities.

Appellees first argue that Todd's appeal should be dismissed because his brief was untimely.  The court will allow Todd's brief and consider the merits of his appeal.  See Fed. R. App. P. 26(b).

Todd argues that the district court erred by not allowing discovery before granting summary judgment.  This court reviews "a district court's discovery decisions for abuse of discretion and will affirm such decisions unless they are arbitrary or clearly unreasonable."  Moore v. Willis Indep. Sch. Dist., 233 F.3d 871, 876 (5th Cir. 2000).  Because Todd never requested discovery or a continuance pursuant to Fed. R. Civ. P. 56(f) to seek additional discovery, the district court did not abuse its discretion by ruling on the summary judgment motion.

Todd also argues that the district court should have construed his response to the summary judgment motion as a motion to amend his complaint.  This court reviews the denial of leave to amend a complaint for abuse of discretion.  See Halbert v. City of Sherman, Texas, 33 F.3d 526, 529 (5th Cir. 1994).  Although Todd requested leave to amend if the district court found his complaint or service improper, he did not indicate that

it should be construed as an actual amendment, and the response did not name additional defendants, raise new claims, or otherwise specify the substance of any proposed amendment. Therefore, the district court did not abuse its discretion.

Todd also argues that the district court should have provided at "leas[t] 10 days notice before granting Summary Judgment sua sponte." However, the district court did not grant summary judgment sua sponte; appellees had clearly moved for summary judgment under Fed. R. Civ. P. 56. In addition, "particularized additional notice of the potential consequences of a summary judgment motion and the right to submit opposing affidavits need not be afforded a pro se litigant. The notice afforded by the Rules of Civil Procedure and the local rules [is] ... sufficient." Martin v. Harrison County Jail, 975 F.2d 192, 193 (5th Cir. 1992). Appellees served their motion by mail October 4, 1999, and Todd filed a response October 29, 1999. The district court issued granted summary judgment September 20, 2000, more than 20 days later. Therefore, Todd's assertion that the district court should have provided him 10 days notice before ruling on the motion is frivolous.

Todd also argues that the district court should have notified him which of appellees' alternative motions (to dismiss or for summary judgment) it would consider so he could reply properly and submit additional evidence. Todd's assertion is factually frivolous. Appellees' motion was specifically labeled in the alternative as a motion for summary judgment, it suggested that because matters outside the pleadings were to be considered

it should be construed as a motion for summary judgment, and Todd responded by arguing genuine issues of material fact existed. Thus, Todd was provided adequate notice regarding the alternative motions.

Liberally construed, see Haines v. Kerner, 404 U.S. 519, 520 (1972), Todd's brief argues that his own allegations and the various declarations he submitted presented genuine issues of material fact: whether he was exposed to levels of asbestos and ETS posing an unreasonable risk of serious harm, and whether the risk of harm violates standards of decency. "This court reviews the grant of a summary judgment motion de novo, using the same criteria used by the district court." Fraire v. City of Arlington, 957 F.2d 1268, 1273 (5th Cir. 1992). Summary judgment is proper if the pleadings, discovery, and any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). The moving party bears of burden of showing the district court "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party meets the initial burden of showing that there is no genuine issue, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. See Rule 56(e).

Todd named appellees in both their official and individual capacities. Official capacity suits against federal employees are generally treated as suits against the United States.

See Kentucky v. Graham, 473 U.S. 159, 165-67 (1985). However, suits against the United States brought under the civil rights statutes are barred by sovereign immunity. See Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999). Bivens actions may be brought against defendants acting in their individual capacities only. See id. To the extent Todd sued the appellees in their official capacity, his claim is barred as a matter of law.

In Helling v. McKinney, 509 U.S. 25 (1993), the Supreme Court held that the Eighth Amendment protects prisoners from an official's deliberate indifference to conditions posing an unreasonable risk of serious damage to the prisoner's future health. Id. at 33-35. If the claim is based on exposure to ETS, the prisoner "must show that he himself is being exposed to unreasonably high levels of ETS," "that the risk of which he complains is not one that today's society chooses to tolerate," and that officials showed deliberate indifference to the risk. Id. at 35-36.

A review of the record demonstrates Todd did not allege anything more than exposure to the "removal of asbestos." Todd also did not present any response to declarations submitted by appellees that asbestos removal used approved procedures and that monitoring confirmed that airborne asbestos levels were below EPA requirements. Because there was no genuine issue of material fact regarding exposure to asbestos, summary judgment was proper on this claim.

The gravamen of Todd's ETS claim is that the appellees' failure to adequately enforce no-smoking policies has resulted in his exposure to ETS.  We pretermit the other elements of a claim under Helling to address the deliberate indifference element.  A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Farmer v. Brennan, 511 U.S. 825, 847 (1994).  The Supreme Court has suggested that the adoption of a smoking policy would "bear heavily on the inquiry into deliberate indifference." Helling, 509 U.S. at 36-37.

The summary judgment evidence reflected that inmates caught smoking in non-smoking areas were subject to disciplinary action. Looking at the evidence in the light most favorable to Todd, the nonmovant, there does not appear to be a genuine issue of material fact whether the defendants acted with deliberate indifference.  Todd did not present any evidence evincing wanton actions on the part of the defendants demonstrating deliberate indifference.  The evidence reflected that the defendants did not disregard the risk but took "reasonable measures to abate it." Farmer, 511 U.S. 825 at 847.

The judgment of the district court is AFFIRMED.