United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 7, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 04-51320

ESTATE OF JAMES POTTER, Jr.,
DECEASED,

Plaintiff-Appellant,

versus

BEXAR COUNTY HOSPITAL DISTRICT,
d/b/a UNIVERSITY HEALTH SYSTEM, et al,

Defendants,

BEXAR COUNTY HOSPITAL DISTRICT,
d/b/a UNIVERSITY HEALTH SYSTEM,

Defendants-
Appellees.

Appeal from the United States District Court
for the Western District of Texas

(03-CV-55)

Before KING, STEWART, and DENNIS, Circuit Judges.

CARL E. STEWART, Circuit Judge:[*]

The Estate of James T. Potter ("the Estate") appeals the district court's denial of its motion

to amend its complaint to allege a claim of negligent hiring against the Bexar County Hospital District

---

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

("BCHD"). James T. Potter filed the underlying suit against BCHD and four hospital security officers for violation of his Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983; after Potter's death, the Estate was substituted as the plaintiff. The claims against BCHD were dismissed prior to trial; however, the Estate later sought to amend its complaint to allege negligent hiring. The district court denied the motion. For the following reasons we reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 23, 2002, James T. Potter, Jr. filed suit in Texas state court against defendant-appellee BCHD and four hospital security officers, alleging that the officers had unlawfully assaulted and detained him while he was seeking medical attention for an asthma attack at University Hospital in Bexar County, Texas. The suit was removed to federal court. The parties consented to proceed before a magistrate judge, who issued a scheduling order on March 31, 2003. Pursuant to the scheduling order, trial was set for May 3, 2004, discovery was to be completed by January 19, 2004, and amendments to pleadings were due by January 26, 2004.

Potter died in March 2003, and in June, Potter's estate was substituted as plaintiff by way of a first amended complaint. The first amended complaint set forth the same substantive claims as the original petition; specifically, the Estate asserted claims against the individual defendants for false arrest and imprisonment, excessive force, assault, and battery. The Estate also asserted a claim of malicious prosecution against Thomas Martinez, alleging that Martinez cooperated in Potter's prosecution for assault. Further, the Estate asserted that if the officers were not found to have acted intentionally, they were negligent, and that BCHD was liable for such negligence pursuant to the Texas Tort Claims Act ("TTCA"). The negligence claim was the only allegation against BCHD.

2

On October 17, 2003, BCHD filed a motion for summary judgment and a motion for severance arguing that it was entitled to governmental immunity under the TTCA for the intentional torts of its employees. The Estate filed a motion seeking a continuance and an extension of time to respond to the summary judgment motion to conduct discovery, asserting that discovery might reveal that University Hospital was negligent in hiring, supervising and training the officers. The Estate simultaneously filed a conditional response to the summary judgment motion, asserting that the officers' actions fell within one of the enumerated exceptions to immunity set forth in the TTCA.

The magistrate judge denied the Estate's motion for a continuance, stating that discovery was not needed to rebut BCHD's assertions of governmental immunity. The Estate sought reconsideration, arguing that it was pursuing discovery on a potential claim that BCHD was liable for negligent hiring, training and supervision; that depositions were scheduled in the next thirty days; that any delay in discovery was due to Potter's death; and that it would amend its pleadings if discovery supported a § 1983 claim against BCHD.

The magistrate judge denied the motion for reconsideration and granted summary judgment in favor of BCHD, dismissing the claims against BCHD for the alleged negligence of the officers. The ruling stated that any amendment to add negligent hiring claims would be futile because negligent hiring does not give rise to governmental liability under § 1983. Nevertheless, the judge denied BCHD's motion for severance and declined to enter partial judgment in favor of BCHD. The magistrate judge later extended the deadline for the Estate to amend its pleadings to March 8, 2004, and the discovery deadline to March 19, 2004.

On January 14, 2004, the Estate filed a motion for leave to file a second amended complaint. The proposed amended complaint set forth the same malicious prosecution claim as in the earlier

3

complaints but added an assertion that University Hospital was liable. The complaint further alleged that University Hospital's police chief, Leonard Sims, failed to adequately screen Martinez by obtaining his employment records from the San Antonio Police Department and the University of the Incarnate Word Police Department, which purportedly revealed prior incidents of assaults by Martinez and showed that Martinez had been terminated by the San Antonio Police Department for spousal abuse. The Estate argued that Sims's failure to conduct adequate screening constituted deliberate indifference rendering BCHD liable pursuant to § 1983. In the motion to amend, the Estate also asserted that the information was developed through the depositions of Sims and Martinez in December 2003 and January 2004, respectively, and the San Antonio Police Department records, which were not supplied until January 2004.

The magistrate judge denied the motion to amend, concluding that the Estate failed to demonstrate why the claims could not have been brought earlier. The judge stated that there was no basis to concluded that the Estate was diligent in seeking to add the malicious prosecution claim; that the Estate had sufficient time explore any claims against BCHD; that, in its response to the BCHD's motion for summary judgment, the Estate failed to identify any discovery that had been initiated before or after the motion; and the Estate did not secure Martinez's prior employment 2004. Accordingly, the magistrate judge concluded that the Estate failed to demonstrate sufficient diligence to outweigh "the clear prejudice to defendant BCHD, which had been dismissed from this case."

The Estate filed a motion to reconsider supported by an affidavit averring that the Estate had been diligent in seeking the documents through a repeat request for production in February 2003; that defense counsel had agreed to obtain the records; that in September and October 2003, the Estate sent authorizations for the records to defense counsel; and that Martinez's deposition was repeatedly

4

postponed by defense counsel. The Estate also argued that there was no prejudice because BCHD was on notice that the Estate was seeking Martinez's employment records to pursue a claim for negligent hiring and that the amendment was filed before both the original deadline for filing amendments and the extended deadline. The magistrate judge denied the motion for reconsideration stating that the Estate could have subpoenaed the records from the San Antonio Police Department or sought to compel timely production of the records from Martinez. On October 12, 2004, the magistrate judge entered a final judgment dismissing the suit. The Estate timely appealed.

## II. DISCUSSION

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings and provides that, after a responsive pleading has been served, a party may amend a pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." We review a district court's denial of leave to amend for abuse of discretion. *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005). Nevertheless, we have previously recognized that the Rule "evinces a bias in favor of granting leave to amend." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (1981).

> The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading. Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.

*Id.* at 598 (citations omitted).

In deciding whether to grant a motion for leave to amend, the district court may consider a variety of factors including undue delay, bad faith or dilatory motive, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility

of the amendment. *Jones*, 427 F.3d at 994; *Dussouy*, 660 F.2d at 598. The Estate argues that the magistrate judge abused her discretion in finding (1) that the estate had not demonstrated due diligence in amending its pleadings despite its timeliness with respect to the scheduling order; and (2) that BCHD would suffer "clear prejudice" if the amendment were allowed. We agree.

The Estate's motion for leave to amend was filed before both the original and extended deadlines for amending pleadings; therefore, on its face, the motion was timely. *See Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). The magistrate judge nevertheless concluded that the Estate had not been diligent in obtaining the records and proffering its second amended complaint. "Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant." *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982). The Estate sought records from Martinez regarding any complaints in February 2003, just one month after the case was removed to federal court. The Estate received discovery responses from the defendants in July and August 2003 that indicated for the first time that Martinez had been suspended from the San Antonio Police Department. On September 10, 2003, the Estate began trying to obtain Martinez's employment records and to set his deposition. It also informed University Hospital that it wished to depose a hospital representative regarding its hiring procedures, including background checks. Further, just ten days after BCHD filed its motion for summary judgment, the Estate indicated its intention to amend the complaint to add a claim of negligent hiring if discovery yielded enough information to support such a claim. Thus, this is not a situation where the facts regarding the negligent hiring claim were fully known to the Estate from the commencement of the suit and it attempted to present the claims in seriatim; indeed it appears that counsel for the Estate conscientiously relied on its findings during the course of discovery to refine the complaint. *Cf.*

6

*Freeman v. Cont'l Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967) ("The facts on which the claim of fraud is based were fully known to Freeman from the outset of the lawsuit and, indeed, were relied on by him, though under a different theory, in his original answer. It was not until that theory was rejected by the trial court . . . that the amendment was tendered seeking to make out a showing of fraud from those facts."). Even if the Estate should have utilized subpoenas and adversarial means to discover certain information earlier, given the presumption in favor of liberal allowance of amendments and the Estate's reliance on the scheduling order, such excusable neglect cannot serve as a basis for denying leave to amend. *See Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992) ("[I]f the delay in filing a motion for leave to amend is particularly egregious, the burden shifts to the moving party to demonstrate that the delay was 'due to oversight, inadvertence or excusable neglect.'" (quoting *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir.1981))).

Nor are we persuaded by BCHD's argument that it would be unduly prejudiced because summary judgment has already been granted and rejoining the litigation would require it to re-depose witnesses and file new expert reports. Although BCHD had been granted summary judgment, the magistrate judge denied the motion for severance; consequently, BCHD was still a defendant in the suit. Moreover, "the trial court can avoid any prejudice from [reiteration of discovery proceedings], for it has discretion to tax the costs of the repeated discovery proceedings against [the Estate]." *Dussouy*, 660 F.2d at 599. Accordingly, we conclude that the district court abused its discretion in denying the Estate's motion for leave to amend based on a purported lack of diligence and prejudice to BCHD.

We also reject BCHD's argument that allowing the Estate's amendment would be futile. Although the magistrate judge initially indicated that the amendment would be futile because

7

negligence does not give rise to liability under § 1983, the judge later acknowledged that the proposed amendment cured the futility concern by alleging deliberate indifference. On appeal, BCHD essentially argues that the Estate will ultimately be unable to prove BCHD's liability. Whether BCHD is ultimately entitled to summary judgment on this claim is best determined by the district court on remand; however, the record at this stage does not support a finding that the amendment would be futile. Consequently, remand to the district court to allow the Estate to amend its complaint is necessary. *Cf. Halbert*, 33 F.3d at 530 (concluding based on a well developed record that plaintiff's claim would fail as a matter of law, thus, remand to allow leave to amend was not required).

## III. CONCLUSION

For the foregoing reasons, the judgment of the district court is REVERSED and the case is REMANDED to the district court for further proceedings consistent with this opinion.