United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 14, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 06-41094
Summary Calendar

ERIC A GONZALES,

Plaintiff-Appellant,

versus

H E BUTT GROCERY CO; H E B GROCERY COMPANY LP;
GENERAL PARTNER HEBCO GP; IRMA CABRERA,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
No. 2:05-CV-280

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

      Eric Gonzales appeals the dismissal of his claims against the defendants. For the following

reasons, we AFFIRM the judgment of the district court.

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and
is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

## I. FACTS AND PROCEEDINGS

On June 3, 2004, plaintiff Eric Gonzales entered an H.E. Butt grocery store in Corpus Christi, Texas, intending to purchase cigarettes. He did not have enough money to make the purchase and was asked to leave the store. After an argument with store employees, the facts of which are disputed, the manager of the store called the police, who eventually arrested Gonzales outside the store. Officers of the Corpus Christi, Texas, police department ("CCPD") and the Nueces County Sheriff's Department ("NCSD") allegedly injured Gonzales by using inappropriate force on him during and after his arrest. Gonzales alleges that Irma Cabrera, the nurse who treated him after he was arrested and brought to jail, was deliberately indifferent to his medical needs stemming from these injuries. Gonzales sued the city and several of its police officers, the county and several of its deputies, Cabrera, the owners of the grocery store where he was arrested, and the store's manager. He settled his claims against the city, the county, and their respective law enforcement personnel.

Gonzales claims that H. E. Butt Grocery Co., H.E.B. Grocery Co. L.P., and General Partner HEBCO GP (collectively, "HEB"), together with HEB employee Alfred Villareal, conspired with the city to violate his rights, were negligent in reporting his alleged behavior at the store to the police, intentionally inflicted emotional distress on him by falsely reporting him to the police, slandered and/or libeled him via the same actions, and violated the Americans with Disabilities Act ("ADA") by failing to accommodate his disability.[1] He claims that Cabrera was deliberately indifferent to his medical needs by delaying in providing him with treatment for his injuries and not sending him to a hospital for treatment.

Before trial, the district court granted summary judgment in favor of HEB, Villareal, and

---

[1] Gonzales allegedly suffers from attention deficit hyperactivity disorder ("ADHD").

2

Cabrera, and it dismissed all of Gonzales's claims against them. Gonzales appeals.

## II. STANDARD OF REVIEW

We review the district court's grant of summary judgment de novo. *Jones v. Comm'r*, 338 F.3d 463, 466 (5th Cir. 2003). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). We apply the same standard as the district court and "construe all facts and inferences in the light most favorable to the non-moving party." *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005) (internal quotation omitted).

## III. DISCUSSION

The district court dismissed all of Gonzales's claims against both Cabrera and HEB. Gonzales asserts seven errors on appeal, though his brief contains just five independent arguments.

### A. Gonzales's ADA claim against HEB

Gonzales asserts that the district court erred by dismissing his claim against HEB for alleged violations of the ADA. The district court did not state any reasons for dismissing these claims, nor was it required to. *See* FED. R. CIV. P. 52(a) ("Findings of fact and conclusions of law [on motions for summary judgment] are unnecessary . . . ."). Gonzales asserts that he is entitled to recover under Title III of the ADA for HEB's failure to accommodate his mental disability. To state a claim under section 12182 of the ADA, a plaintiff must allege that he was "discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

3

The statute prohibits owners of places of public accommodation from "denying the disabled access to the good or service and from interfering with the disableds' [sic] full and equal enjoyment of the goods and services offered." *McNeil v. Time Ins. Co.*, 205 F.3d 179, 188 (5th Cir. 2000). But the owner "need not modify or alter the goods and services that it offers in order to avoid violating Title III." *Id*. Gonzales asserts that HEB should have "policies and procedures" in place for accommodating customers with mental disorders, but he does not argue or point to any evidence indicating that he was denied access to the goods and services provided by HEB because of his alleged disability. It is undisputed that Gonzales would have been able to purchase cigarettes at HEB if he had enough money with him when he entered the store; HEB never denied him access to its goods. The district court correctly dismissed this claim.[2]

**B.    Gonzales's conspiracy claim against HEB and Villareal**

Gonzales asserts that the district court erred by dismissing his claims against HEB and Villareal under 42 U.S.C. §§ 1983 and 1985. He asserts that HEB and Villareal conspired with the CCPD to violate his Fourth Amendment right to be free from false arrest. To hold a private party liable for a conspiracy with arresting officers to violate a plaintiff's civil rights, the plaintiff must show "that the arresting officer did not make an independent determination whether there was cause to arrest" because of a "preconceived plan" between the private party and the arresting officers; it is insufficient to merely show that the defendant informed the police of alleged misconduct. *Sims v. Jefferson Downs Racing Ass'n, Inc.*, 778 F.2d 1068, 1079 (5th Cir. 1985). Gonzales presented no evidence of an agreement between HEB or Villareal and the CCPD or its officers. The district court

---

[2] On appeal, Gonzales asserts that HEB's alleged violation of the ADA could have sustained a *per se* negligence claim against it. Because his claim for a violation of the ADA fails, it could not form the basis for a negligence claim.

4

correctly dismissed these claims.

**C.      Gonzales's deliberate indifference claim against Cabrera**

The district court dismissed Gonzales's claim against Cabrera for deliberate indifference to his serious medical needs.  On appeal, Gonzales only asserts that Cabrera could not be entitled to qualified immunity because she is a privately employed nurse assigned to a jail.  This argument misses the point; the district court dismissed Gonzales's claim against Cabrera because it found that he could not prove that she had been deliberately indifferent to his medical needs.  It did not apply qualified immunity analysis to this claim.  Consequently, his argument fails.

**D.      Gonzales's conspiracy claim against Cabrera**

Gonzales asserts that the district court erred by dismissing his claim that Cabrera conspired with the NCSD deputies to violate his right to be free from deliberate indifference.  Because we affirm the district court's dismissal of his claim of deliberate indifference, there is no underlying violation of section 1983 to support a conspiracy claim.  *See Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995).

**E.      Gonzales's claims for intentional infliction of emotional distress**

Gonzales asserts that the district court erred by dismissing his claims against HEB, Villareal, and Cabrera for intentional infliction of emotional distress ("IIED").  In order to establish a claim for IIED under Texas law, Gonzales must show that: (1) the defendants acted intentionally or recklessly; (2) their conduct was extreme and outrageous; (3) their actions caused him emotional distress; and (4) his resulting emotional distress was severe.  *Twyman v. Twyman*, 855 S.W.2d 619, 621–22 (Tex. 1993).  Extreme and outrageous conduct is that which is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly

5

intolerable in a civilized community." *Id*. at 621 (citation omitted). The district court found that there was no evidence in the record to support a claim that either defendant's conduct was "extreme and outrageous"; we agree. Reporting a crime that the accused did not commit, as Gonzales alleges HEB and Villareal did, is not, without more, sufficient to sustain an IIED claim. *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). Cabrera's treatment of Gonzales, which included giving him an ice pack for his injuries and medicine for his elevated blood pressure, also does not rise to this standard, though Gonzales alleges that she could have done a better job and been more attentive to his needs. *See, e.g., C.M. v. Tomball Reg'l Hosp.*, 961 S.W.2d 236, 245 (Tex. App. 1997) (holding that a nurse's rudeness to a young rape victim was not sufficiently outrageous to meet the standard).

## IV. CONCLUSION

Finding no error by the district court, we AFFIRM.