# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2024

Lyle W. Cayce
Clerk

_____

No. 23-30434
_____

Patrician Management, L.L.C.; New Orleans Navy
Housing, L.L.C.,

*Plaintiffs—Appellants*,

*versus*

BXS Insurance, Incorporated,

*Defendant—Appellee.*

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-1487

_____

Before Wiener, Haynes, and Higginson, *Circuit Judges.*

Per Curiam:[*]

Plaintiffs-Appellants Patrician Management, LLC and New Orleans Navy Housing, LLC (collectively, "Plaintiffs") appeal the district court's dismissal of their complaint against their insurer, Defendant-Appellee BXS Insurance. For the reasons set forth below, we AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30434

## I. Background

Plaintiffs own several residential housing units at the Naval Air Station Joint Reserve in Belle Chasse, Louisiana and in Federal City in Algiers, Louisiana.[1] On April 23, 2020, Plaintiffs procured a one-year insurance policy for those properties from BXS ("Policy 1"). At that time, Plaintiffs' properties were valued at $107,668,973—which Policy 1 refers to as the "Statement of Values" or "SOV." Policy 1 included a "Named Storm Deductible" that established a 3% deductible for loss caused by named storms, like hurricanes, calculated using the "Total Insurance Values *at the time of the loss* at each Insured Location." On October 28, 2020, Plaintiffs' properties were damaged by Hurricane Zeta. Their deductible was determined to be $3,230,069, which was calculated by the Underwriters using the SOV rather than the value at the time of loss as dictated in the Policy.

Unhappy with a deductible of over three million dollars, Plaintiffs sought coverage with a lower deductible for the period of April 23, 2021 to April 23, 2022 ("Policy 2"). BXS proposed adding a "Per Building Deductible Endorsement," which would modify the Named Storm Deductible as follows:

_____

[1] Because this case comes to us on review of a motion to dismiss, all facts in the complaint are assumed to be true. *See Lampton v. Diaz*, 639 F.3d 223, 226 (5th Cir. 2011) (quoting *Kalina v. Fletcher*, 522 U.S. 118, 122 (1997)).

No. 23-30434

**DEDUCTIBLE (APPLICABLE TO NAMED STORM)**

The following provision set forth in Items **8.D.1.** and **8.D.2.** of the Declarations:

> "Total Insurable Values at the time of the loss at each **Insured Location** involved in the loss damage"

is deleted and replaced with:

> "Total Insurable Values at the time of the loss for each **Building** involved in the loss or damage at each **Insured Location** involved in the loss or damage"

BXS represented to Plaintiffs that this endorsement "would be more beneficial in the event of a smaller loss where only some of the buildings at the property locations, rather than all of them, are affected." Plaintiffs agreed to the modification, which was the only aspect that changed between Policy 1 and Policy 2. The value of the properties at the time that Policy 2 was issued—Policy 2's SOV—was determined to be $112,662,167.

On August 29, 2021, all of Plaintiffs' properties were damaged by Hurricane Ida. Their deductible was assessed at $5,078,717.45, which was calculated using the Underwriters' estimated value of the properties at the time of loss and was "based specifically on the 'Per Building Deductible Endorsement.'" The deductible would have been $3,379,865.01 had it been calculated using the Policy's SOV rather than the properties' value at the time of loss.

Plaintiffs assert that BXS acted negligently and in breach of its fiduciary duty by failing to apprise them of the impact of the Per Building Deductible Endorsement on their Named Storm Deductible. The district court dismissed Plaintiffs' complaint and denied their motion for reconsideration and leave to amend.

The district court had jurisdiction over this case pursuant to 28 U.S.C. § 1332. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

3

## II. Motion to Dismiss

We review a district court's grant of a motion to dismiss de novo, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)). A complaint survives a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) only if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2008).

The district court held that Plaintiffs failed to plead sufficient facts to establish that BXS's actions caused their alleged injury: "having a higher deductible than expected." We agree. The addition of the Per Building Deductible Endorsement did not alter how Plaintiffs' property was to be valued in the event of a named storm. In both Policy 1 and Policy 2, the Named Storm Deductible was to be calculated using the value of the property "at the time of the loss." An insured is charged with knowledge of its policy, and those instant Policies expressly state that the Named Storm Deductible will be based on the "Total Insurable Values at the time of the loss." *See Isidore Newman Sch. v. J. Everett Eaves, Inc.*, 42 So.3d 352, 358–59 (La. 2010). Even accepting Plaintiffs' allegation that Underwriters calculated the properties' value after Hurricane Ida "based specifically on the 'Per Building Deductible Endorsement,'" that endorsement did not change the method of valuation. As the district court explained, "[i]t was the increase in the property valuation that caused the higher deductible, not the manner in which the deductible was calculated per the endorsement." And the property valuation was conducted by the Underwriters rather than BXS—any mistake that they made in calculating the Hurricane Zeta claim under Policy 1 is not

attributable to BXS. Because the complaint fails to plead facts that show that BXS was responsible for Plaintiffs' higher-than-expected deductible, the district court did not err in granting BXS's motion to dismiss.

## III. Leave to Amend

Denial of a request for leave to amend is reviewed for abuse of discretion. *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017). Leave should be freely given "when justice so requires." FED. R. CIV. P. 15(a). The district court denied leave to amend because Plaintiffs did not (1) point to new evidence that could not have been raised earlier; (2) identify evidence which would "bridge the gap" between BXS's actions and the higher-than-expected deductible; or (3) raise any extraordinary circumstances justifying relief. This does not reflect an "erroneous view of the law" or a "clearly erroneous assessment of the evidence." *See Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005). Plaintiffs' motion for reconsideration did not establish any reason why they could not have sought to amend their pleadings after BXS filed its motion to dismiss and before the district court put time and energy into resolving the motion. This court "consistently up[holds] the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling." *Briddle v. Scott*, 63 F.3d 364, 379 (5th Cir. 1995). Further, Plaintiffs failed to identify facts that they could have added to their complaint to overcome the causation issue and plausibly state a claim as required. *See Edionwe*, 800 F.3d at 294. The district court therefore had the requisite "justifying reasons" for denying Plaintiffs' request for leave to amend and did not abuse its discretion in doing so. *See Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The judgment of the district court is AFFIRMED.