# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 25, 2011

No. 10-11298

Lyle W. Cayce
Clerk

FRED MOORE, Individually and as Next Friends of AM, a minor and JM, a minor; TANYA MOORE, Individually and as Next Friend of AM, a minor and JM, a minor; KARMEN SHAVER, Individually and as Next Friend of AC, a minor,

Plaintiffs-Appellants

v.

CITY OF DESOTO; ERIN BLUST; STEVE THOMAS; DUSTIN MUNN; WARREN TILLMAN; LIONHEART INVESTMENT GROUP INC., doing business as Papa John's Pizza #1823; GARY PERKINS; MICHAEL SHARP,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-710

Before JONES, Chief Judge, and STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiffs sued the City of DeSoto, individual police officers, and a Papa John's pizza franchise owner for violations of their civil rights and for numerous state-law torts. The district court granted summary judgment in favor of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-11298

city and Papa John's. It also granted the individual officers' motions for summary judgment on qualified immunity grounds. We AFFIRM.

FACTS

This case is the result of a sting operation in which, with the help of Papa John's, the DeSoto Police Department attempted to catch a thief.

On the evening of March 11, 2008, Fred Moore ordered pizza from the local Papa John's to be delivered to his new residence, 1109 Angie Lane in DeSoto, Texas. Moore attempted to pay with a credit card, but it was declined. He then successfully paid with a debit card. Moore's new residence had a sordid past. Six months earlier, police were called to respond to an aggravated assault. Since then, the residence had been the destination for hundreds of dollars worth of pizzas that had been ordered from Papa John's with a stolen credit card. When Moore's credit card was declined, Papa John's thought it was another such attempt. Before delivering the pizza, Papa John's called the police to inform them of the possible crime. The police were appreciative of the tip, because they had been searching for the thief for months. The police decided to conduct a controlled delivery. A police officer, Erin Blust, would deliver the pizza dressed in a Papa John's uniform and thereby catch the thief in the act. The police department had used this technique successfully in the past.

The police went to Papa John's, received the pizza and a uniform, and then drove to Moore's residence. As Officer Blust prepared to deliver the pizza, the other officers were out of sight. Officer Blust rang the doorbell. Moore answered. After Moore took the pizza, he saw a man running towards him and the person he thought was from Papa John's. In what Moore later said was an attempt to shield the delivery person from the charging man, Moore grabbed her. What the other officers saw, though, was that the suspect had grabbed a police officer. They rushed towards the front door with their guns drawn. Moore was quickly subdued and placed in handcuffs. The officers then began a protective

2

No. 10-11298

sweep of the house. During the sweep, the officers discovered a few children, frightened and hiding in the bathroom. The officers concluded that Moore was not the person who had been committing credit card fraud. He was released from custody and the officers departed.

Fred Moore, Tanya Moore, and Karmen Shaver, individually and on behalf of the children, sued the City of DeSoto, the police officers, and Papa John's for assault, false imprisonment, intentional infliction of emotional distress, defamation, negligence, bystander liability, and violations of their civil rights. Summary judgment was granted to all defendants. The plaintiffs appealed.

## DISCUSSION

This court reviews a district court's grant of summary judgment *de novo*, "applying the same standard as the district court." *Compliance Source, Inc. v. GreenPoint Mortg. Funding Inc.*, 624 F.3d 252, 258 (5th Cir. 2010). Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We view the evidence in the light most favorable to the non-moving party and avoid credibility determinations and weighing of the evidence." *Compliance Source*, 624 F.3d at 258.

There are two issues presented for our review.[1] The first is whether the officers are entitled to qualified immunity. The plaintiffs claimed a violation of federal rights for which damages could be obtained under 42 U.S.C. § 1983. Qualified immunity shields a government official from liability under Section 1983 if a reasonable official would not know that his conduct violated clearly

---

[1] The plaintiffs failed to brief arguments related to the district court's denial of their other claims against the officers, waiving those arguments. *See Walker Int'l Holdings Ltd. v. Republic of Congo*, 395 F.3d 229, 232 (5th Cir. 2004). The plaintiffs also did not brief, and thus waived, arguments related to the district court's grant of summary judgment to the City of DeSoto and the grant of summary judgment for Papa John's on the defamation and intentional infliction of emotional distress claims. *Id.*

established law. *Kovacic v. Villarreal*, 628 F.3d 209, 213 (5th Cir. 2010). When the claim stems from an arrest, the arresting officers are entitled to qualified immunity if a reasonable officer could have believed the arrest to be lawful at that time. *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000).

The burden is on the plaintiff to show that the officers could not reasonably believe that probable cause existed at the time of the arrest. *Good v. Curtis*, 601 F.3d 393, 401 (5th Cir. 2010). Viewing the evidence in the light most favorable to the plaintiffs, that burden was not met. Moore grabbed Officer Blust. The police did not know his motivation. Rather, they knew they had responded to an aggravated assault at the residence six months earlier and that, over the preceding six months, a person had ordered hundreds of dollars worth of pizzas to that address using stolen credit cards. They also knew that Moore attempted to pay with a credit card for pizza but was unable to do so because the card was declined. The district court concluded that the officers reasonably believed they had probable cause to arrest Moore. We agree.

Because they had probable cause to arrest Moore, a protective sweep of any area where another assailant could be hiding was permissible. *United States v. Maldonado*, 472 F.3d 388, 393 (5th Cir. 2006). The police officers searched the closets, bathrooms, and other areas of the house – all places where another person could hide. Police discovered children hiding in the bathroom. Once the officers were sure of their safety and Moore's innocence, they left.

Given the information known at the time, the officers' conduct was reasonable. The officers therefore are entitled to qualified immunity.

The only other issue presented on appeal is whether three state-law claims against Papa John's should have been dismissed. First, the plaintiffs claim that Papa John's falsely imprisoned them. Under Texas law, as long as the police retained the power to decide whether to make the arrest, a person who reports a possible crime cannot be liable for the police's subsequent false imprisonment.

No. 10-11298

*See Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 507-08 (Tex. 2002). The district court found that the police retained unbridled control over their conduct. The evidence supports that finding. Papa John's therefore cannot be liable for false imprisonment.

Next, the plaintiffs argue that Papa John's assaulted Moore through the police officers' conduct. As we have explained, the police officers had probable cause to use reasonable force to secure and detain him. Their actions were legally justifiable, not an assault. *See Hereford v. State*, 339 S.W.3d 111, 119 (Tex. Crim. App. 2011). Without any assault by the police officers, Papa John's cannot be found derivatively liable.

The plaintiffs' last claim is that Papa John's was negligent by informing police about a possible fraud. They allege that there were sufficient factual differences between Moore's order and the fraudulent orders – such as using a different name, a different credit card, and a different method of ordering – to make Papa John's conduct unreasonable.

Texas public policy is to encourage "citizens to report crimes, real or perceived." *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 792 (Tex. 2006). This "strong public policy in favor of exposing crime" means individuals who report crimes cannot be held liable unless it is proven they reported the crime with a malicious intent. *Smith v. Stead*, 938 S.W.2d 181, 184 (Tex. App. – Austin 1997, no writ). Here, Papa John's called the police when it became aware of what appeared to be fraud. Papa John's had been the victim of similar, though not identical, fraud originating from the same address. Papa John's thought it was happening again. Its actions reflected that of a concerned citizen.

AFFIRMED.

5