ACCEPTED
12-15-00197-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
10/2/2015 4:26:00 PM
Pam Estes
CLERK

# 12-15-00197-CV

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
10/2/2015 4:26:00 PM
PAM ESTES
Clerk

## In the Twelfth Court of Appeals
## Tyler, Texas

Murphy USA Inc., and
Mary Frances Maxwell, Mgr.,

*Appellants*,

v.

Freddie J. Rose and Laureen Irving,

*Appellees*,

## Appellants' Reply Brief on the Merits

Edward M. Slaughter
State Bar No. 24015112
eslaughter@hptylaw.com

Brandon W. Maxey
State Bar No. 24092777
bmaxey@hptylaw.com

HAWKINS PARNELL
  THACKSTON & YOUNG LLP
4514 Cole Avenue, Suite 500
Dallas, Texas 75205
Telephone: (214) 780-5114
Facsimile: (214) 780-5200

COUNSEL FOR APPELLANTS

# Table of Contents

Table of Contents........................................................................................ii

Index of Authorities ................................................................................. iii

Argument and Authorities ........................................................................1

I.       The proper standard of review is de novo .......................................1

II.      Communications made to law enforcement to report a crime are
         protected under the Texas anti-SLAPP statute..................................1

III.     Appellees have failed to establish a prima facie case by clear and
         specific evidence....................................................................................4

         A.      The claim for malicious prosecution fails because probable
                 cause existed and there was no malice...................................4

         B.      The false arrest claim fails because Rose's arrest was made
                 by police officers acting under their independent judgment.................6

         C.      The claim for negligence is barred by law.............................7

         D.      The claim for defamation fails for a lack of a false statement
                 and no evidence of fault ...................................................8

IV.      Conclusion and Prayer........................................................................9

Certificate of Compliance.........................................................................10

Certificate of Service ................................................................................11

# Index of Authorities

## Cases

*American Heritage Capital, LP v. Gonzalez*,
  436 S.W.3d 865 (Tex. App.—Dallas 2014, no pet.) ...................................1

*Browning-Ferris Indus. v. Lieck*,
  881 S.W.2d 288 (Tex. 1994) ........................................................................4

*Charalambopoulos v. Grammer*,
  2015 WL 390664 (N.D. Tex. 2015*)* .........................................................2, 3

*City of Keller v. Wilson*,
  168 S.W.3d 802 (Tex. 2005) .......................................................................1

*Kenne v. Stennis*,
  230 Cal.App.4th 953 (Cal.Ct.App. 2014)....................................................3

*Kroger Tex. L.P. v. Suberu¸*216
  S.W.3d 788, 792-94 (Tex. 2006)................................................................5

*Lefebvre v. Lefebvre*,
  199 Cal. App. 4th 696 (Cal.Ct.App. 2011)..................................................3

*Lefebvre v. Lefebvre*,
  996 P.2d 518 (Or. Ct. App. 2000) ..............................................................3

*In re Lipsky*,
  460 S.W.3d 579 (Tex. 2015) ...................................................................1, 4

*Rehak Creative Servs., Inc. v. Witt*,
  404 S.W.3d 716 (Tex. App.—Houston [14th dist.] 2013, pet.
  denied) .......................................................................................................1

*Richey v. Brookshire Grocery Co.*,
  952 S.W.2d 515 (Tex. 1997) .......................................................................5

*Serafine v. Blunt*,
  2015 WL 3941219 (Tex. App.—Austin 2015, no pet.) ...........................1, 4

*Smith v. Sneed*,

938 S.W.2d 181 (Tex. App.—Austin 1997, no writ) ...............................7, 8

*Thrift v. Hubbard*,
    974 S.W.2d 70 (Tex. App.—San Antonio 1998, pet. denied).................5, 6

*Wal-Mart v. Rodriguez*,
    92 S.W.3d 502 (Tex. 2002) .......................................................................7

*WFAA-TV, Inc. v. McLemore*,
    978 S.W.2d 568 (Tex. 1998) ....................................................................8

## Statutes

TEX. CIV. PRAC. & REM. CODE § 27.005(b-c)......................................................1

## Argument and Authorities

### I.  The proper standard of review is de novo.

A motion under the Texas anti-SLAPP statute is much different than an ordinary motion to dismiss. This statute requires a two-step analysis. The court must determine whether (i) the statute's protections apply, and (ii) the non-movant's response established a prima facie case by "clear and specific evidence." *See* TEX. CIV. PRAC. & REM. CODE § 27.005(b-c). The standard of review for both steps is de novo. *Serafine v. Blunt*, 2015 WL 3941219, *2 (Tex. App.—Austin 2015, no pet.).

It appears that the Appellees are asking for an abuse of discretion standard. But, the case they cite is not relevant to an anti-SLAPP appeal and certainly does not contradict a de novo standard here. *See generally City of Keller v. Wilson*, 168 S.W.3d 802 (Tex. 2005) (cited by Appellees). Texas courts of appeal have consistently held that the proper standard of review is de novo.[1]

### 1I.  Communications made to law enforcement to report a crime are protected under the Texas anti-SLAPP statute.

---

[1] *See Blunt*, 2015 WL 3941219 at *2; *Rehak Creative Servs., Inc. v. Witt*, 404 S.W.3d 716, 723 (Tex. App.—Houston [14th dist.] 2013, pet. denied)(disapproved on other grounds by *In re Lipsky*, 460 S.W.3d 579, 586-87); *American Heritage Capital, LP v. Gonzalez*, 436 S.W.3d 865, 874 (Tex. App.—Dallas 2014, no pet.)

The first step of the anti-SLAPP analysis focuses on whether communications made to law enforcement are protected by the anti-SLAPP statute. Several of the allegations made by Appellees in their argument—including the process used by a non-party to verify checks—are irrelevant to this discussion. Rather, the focus is on Maxwell's communications to law enforcement regarding a potential crime.

It is undisputed that Rose presented a credit card and a check from two separate accounts—all of which were declined for payment. It is also undisputed that Rose went to his vehicle without making final payment. Maxwell reported her belief that a crime had been, or was being committed, to law enforcement. (CR 59). After the responding police officers investigated the incident and arrested Rose, Maxwell signed a complaint. *See* (CR 59); *see also* (Appellees' Brief at \*24).

The question for the Court is whether Maxwell's reporting of a potential crime to law enforcement and the signing of a complaint are protected under the anti-SLAPP's definition of right to petition the government. While a state court has yet to consider this issue, a Texas federal district court has held that the Texas Supreme Court would likely hold that Maxwell's statements are protected under the statute. *See Charalambopoulos v. Grammer,* 2015 WL 390664, \*5-7 (N.D. Tex. 2015*); see also* (Appellants' Opening Brief at \*7-9).

Appellees cite a California case, *Lefebvre v. Lefebvre*, in support of their contrary position.[2] But California law actually holds that these communications are protected under its own anti-SLAPP statute. *See Grammer,* 2015 WL 390664 at *5-6 (noting that several California courts have found that communications made to police regarding potential crimes are protected under California's anti-SLAPP statute).[3] In *Lefebvre*, the court held that the defendants could not avail themselves of anti-SLAPP protection because they admitted to filing a false police report, which was part of an elaborate conspiracy to frame the plaintiff for a crime. *See* 199 Cal.App.4th, at 700-01. Subsequent California cases have held that the *Lefebvre* holding is limited to instances where the falsity and illegality of a report were not controverted. *See, e.g., Kenne v. Stennis*, 230 Cal.App.4th 953, 966 (Cal.Ct.App. 2014).

The facts of this case are far from those in *Lefebvre*. The Appellees have merely made allegations of a false arrest. There is no evidence of a conspiracy or any admittedly false statements. Appellants assert that all statements made to law enforcement were truthful.

---

[2] The Appellees, in their brief, cited to *Lefebvre v. Lefebvre*, 996 P.2d 518 (Or. Ct. App. 2000). However, that is an Oregon family-law case. The Appellants believe that Appellees meant to cite to *Lefebvre v. Lefebvre*, 199 Cal. App. 4th 696 (Cal.Ct.App. 2011).

[3] This principle is not limited to California. Courts in Georgia and Massachusetts, for example, have similarly held that statements regarding perceived wrongdoing fall under anti-SLAPP protection. *Id* at *6.

### III. Appellees have failed to establish a prima facie case by clear and specific evidence.

Because the anti-SLAPP statute applies, Appellees were required to establish a prima facie case by "clear and specific evidence."[4] The response put forth by Appellees—both in the trial court and in this appeal—fails to meet this standard.[5]

### A. The claim for malicious prosecution fails because probable cause existed and there was no malice.

Texas law places strict requirements for claims of malicious prosecution, given the policy concerns of these actions. *See Browning-Ferris Indus. v. Lieck*, 881 S.W.2d 288, 291 (Tex. 1994). Appellees have produced no evidence of the essential element of malice. Additionally, Appellees failed to rebut the presumption of probable cause.

Though unclear, Appellees' argument is based on allegations of a negligent omission of information. It seems that Appellees are arguing Maxwell should have investigated both Rose's state of mind and the cause of Rose's

---

[4] As mentioned in the opening brief, this standard has not been defined with finality. The Supreme Court of Texas recently held that while it is not an elevated evidentiary standard, the statute does at least require more than mere general allegations. *See In re Lipsky*, 460 S.W.3d 579, 591 (Tex. 2015). The Court of Appeals in Austin determined that this standard requires the "minimum quantum of 'clear and specific evidence' necessary to support a rational inference establishing each essential element of their [claims]." *Blunt*, 2015 WL 3941219 at *3.

[5] It seems that Appellees have conceded that there is no evidence regarding Irving's claims. The following, therefore, only addresses the claims put forth by Appellee-Rose (*See* Appellees' Brief at *35).

declined payments. This is not enough to prove malice, which requires ill will, gross indifference, or reckless disregard for the truth. *See Thrift v. Hubbard*, 974 S.W.2d 70, 82 (Tex. App.—San Antonio 1998, pet. denied). Nor is this enough to show a lack of probable cause. *See Kroger Tex. L.P. v. Suberu¸* 216 S.W.3d 788, 792-94 (Tex. 2006).

Appellees seem to rely on *Thrift v. Hubbard* and *Richey v. Brookshire Grocery Co.*—two Texas cases that advance *Appellants'* argument. In *Thrift*, an appellate court upheld a jury award on a malicious prosecution claim, where the defendant knowingly withheld important information from the district attorney. *See Thrift*, 974 S.W.2d at 80. In that case, there was evidence that the defendant had "threatened the [plaintiffs] with criminal charges and vowed to 'get even' with" the plaintiffs over a business deal that had gone sour. *Id*.

In *Richey*, the Texas Supreme Court reinforced the principle that malice requires false information be provided knowingly. *See* 952 S.W.2d 515, 520 (Tex. 1997). Recognizing the important public policy issues raised by malicious prosecution claims, the Court held that the presumption of probable cause was not rebutted where a customer was prosecuted after "pass[ing] through the check-out line without paying for the merchandise." *Id*.

Unlike the defendant in *Thrift*, there is no evidence that Appellants harbored any ill will towards Appellees. Further, there is no evidence that any false information was provided to the police, or that any relevant information was knowingly omitted from the police. Simply put, there is no evidence of malice.

Appellees cannot escape the undisputed facts of the case: (1) Rose produced three different methods of payment; (2) all three methods were declined for payment; and (3) Rose went to his vehicle before paying. Appellees' confusing description of the check verification process is irrelevant to whether Maxwell was reasonable in reporting a potential crime to police.

### B.   The false arrest claim fails because Rose's arrest was made by police officers acting under their independent judgment.

Appellees did not establish a prima facie case for false arrest, as there is no evidence that false information was given to police officers or that Appellants directed or requested Rose's arrest. Again, Appellees seem to assert a negligent omission argument. False arrest is an intentional tort—there is no claim for negligent arrest in Texas.

First, Appellees failed to show that Maxwell requested the arrest of Rose. Texas courts have held that there is no liability for false arrest when a defendant does not "clearly" direct or request the arrest. *See Wal-Mart v. Rodriguez*,

92 S.W.3d 502, 507 (Tex. 2002). Appellees only allege—with no supporting factual evidence or legal authority—that signing a complaint is the same as requesting an arrest. They provided no authority holding the mere signing of a complaint requires police to arrest a suspect. In fact, Appellees admit that Rose was arrested by the police *before* the complaint was signed. (Appellees' Brief at *24). And Maxwell swore in her affidavit that the decision to arrest Rose was left to the independent judgment of the police officers. (CR 59).

Second, there is no evidence that false information was provided to the police, or that any relevant information was knowingly omitted. *See Rodriguez* 92 S.W.3d at 510-11. The Appellees' entire argument seems to hinge on an allegation that Maxwell did not investigate the reason why Rose's checks were declined, and that this information was therefore not conveyed to police. Even if we take that allegation as true, it is impossible for someone to knowingly omit information that they never obtained. Therefore, Appellees have not—and cannot—establish a prima facie case for false arrest.

### C. The claim for negligence is barred by law.

Texas courts refuse to recognize claims for negligence under these circumstances. *See Smith v. Sneed,* 938 S.W.2d 181, 185 (Tex. App.—Austin 1997, no writ). The policy implications of civil actions in response to the reporting of a potential crime are far too great to allow recovery for negligence.

Texas does not recognize a claim for negligent prosecution or negligent arrest. *See id.* This is in recognition of the important policy of encouraging communication with law enforcement.

Appellees do not rebut this principle. They simply recite the elements for general negligence and dive into an implied contract argument that has no bearing on the reporting of a potential crime. (Appellees' Brief at *24-25).

### D. The claim for defamation fails for a lack of a false statement and no evidence of fault.

Appellees' claim for defamation has several fatal defects, which make establishing a prima facie case impossible. There is no evidence of a false statement, or that such a statement was made with the required degree of fault. *See WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). The Appellees rely on allegations that have no support in the record. But, even if we assume that those allegations are true, the elements of falsity and fault are still lacking.

First, the record contains no evidence of a false statement. It is undisputed that Maxwell reported her belief of a potential crime to law enforcement, and that she eventually signed a complaint.[6] There simply is no evidence that these statements are false.

---

[6] In their response brief, Appellees have also alleged—for the first time in this litigation—that a "drive off" receipt was a defamatory statement. (*See* Appellees' Brief at *31);

–8–

Second, Texas law regarding defamation requires that a false statement be given with a required degree of fault. Appellees' entire argument hinges on an allegation that there was no investigation on the reasons that Rose's three separate attempts to pay were declined.[7] However, Appellees have pointed to no authority that suggests a retailer has a duty to investigate the reasons behind a customer's failure to pay.

## IV.   Conclusion and Prayer

Public policy provides strong guidance for the Court's decision on this appeal. Texas case law has established a delicate balance between the importance of reporting potential crimes and the interests of individuals wrongly accused of crimes. This balance places high burdens on plaintiffs that bring an action in response to a police report. The safety of the public at-large demands such a construction.

Therefore, the Appellants respectfully ask this Court to reverse the trial court's decision on the anti-SLAPP motion to dismiss and to remand for consideration of mandatory attorneys' fees.

---

(CR 98). In the trial court, the Appellees did mention this receipt in response to the anti-SLAPP motion, but did not allege that it was defamatory. (*See* CR 83). In any event, there is no evidence that this is a statement of Maxwell or that it was published to law enforcement. Appellees have presented no evidence that it is a false statement.

[7] Appellees also make a bald accusation in their response brief regarding "inherent malice" and that Rose was not given a chance to call his bank. (*See* Appellees' Brief at *33). There is no evidence of this in the record—and the Appellees did not point to *any* support for this accusation.

Respectfully Submitted,

/s/ *Edward M. Slaughter*
Edward M. Slaughter
State Bar No. 24015112
*eslaughter@hptylaw.com*

Brandon W. Maxey
State Bar No. 24092777
*bmaxey@hptylaw.com*

HAWKINS PARNELL
  THACKSTON & YOUNG LLP
4514 Cole Avenue, Suite 500
Dallas, Texas 75205
Telephone: (214) 780-5114
Facsimile: (214) 780-5200

COUNSEL FOR APPELLANTS

## Certificate of Compliance

I certify that this document contains 2155 words, not counting the sections exempt under Rule of Appellate Procedure 9.4. The body font is 14pt, and the footnote font is 12pt.

/s/ *Brandon W. Maxey*
Brandon W. Maxey

## Certificate of Service

A copy of this Appellants' Reply Brief was sent on this 1st day of October 2015 to the following counsel via e-mail.

**Counsel for Appellee**

Donovan Paul Dudinsky
701 South Liberty Street
San Augustine, Texas 75972
e-mail:  dpauldudinsky@yahoo.com

/s/ *Brandon W. Maxey*
Brandon W. Maxey

Dallas 10632798v.1